UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>F-V ENTERPRISE, LLC, as Owner, AND ATLANTIC HARVESTERS, LLC, as Owner Pro Hac Vice, of the F/V ENTERPRISE, Her Engines, Machinery, Tackle Apparel, Appurtenances, etc., for Exoneration From, or Limitation of, Liability, Civil and Maritime,<br><br>Plaintiffs. | Civil Action No.:<br>IN ADMIRALTY |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COME, Plaintiffs F-V Enterprise, LLC and Atlantic Harvesters, LLC, titled owner and owner *pro hac vice*, respectively, of the F/V ENTERPRISE, by and through their attorneys, Eckland & Blando and Reeves McEwing LLP, and hereby bring this Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq*. (formerly 46 U.S.C. § 181 *et seq*.), and in support thereof aver as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action of the Federal Rules of Civil Procedure ("Supplemental Rules").

2. Venue is proper in this District in accordance with Supplemental Rule F(9), as claims have been filed by Richard Sanzo ("Sanzo") in the Massachusetts Superior Court for Bristol County against Atlantic Capes Fisheries, Inc. and Plaintiffs F-V Enterprise, LLC and Atlantic Harvesters, LLC in the matter captioned *Richard Sanzo v. Atlantic Capes Fisheries,*

*Inc., et al.,* 2473-cv-00151, which was removed to this Federal Court, 1:24-cv-10666-RGS, and then subsequently remanded to the Massachusetts Superior Court for Bristol County.

3. Plaintiffs do not waive their right to move to compel Sanzo to arbitrate all of his claims against them pursuant to the arbitration clause in his employment agreement, and file this limitation of liability action to comply with the time limits of 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F.

4. At all times material hereto, the F/V ENTERPRISE was a commercial fishing vessel, engaged in the clam fishery off the east coast of the United States.

5. Plaintiff F-V Enterprise, LLC is a New Jersey limited liability company with a principal place of business in New Jersey and at all times material hereto was the title owner of the F/V ENTERPRISE ("the Vessel").

6. Plaintiff Atlantic Harvesters, LLC is a Rhode Island limited liability company with a principal place of business in New Jersey, and at all times material hereto, was the operator and owner *pro hac vice* of the Vessel.  Atlantic Harvesters, LLC managed the Vessel, employed her crew, and provided fuel, bait, and supplies to, and procured all necessary services for, the Vessel, including maintenance and repairs, all at its own expense.

7. Plaintiff Atlantic Harvesters, LLC manned, victualed and navigated the Vessel, and is therefore an owner *pro hac vice*, within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

8. On or about March 2, 2021, the F/V ENTERPRISE departed Fairhaven, Massachusetts to fish for clams in a location more than three (3) nautical miles from shore ("the Voyage").

9. On or about March 4, 2021, Sanzo, a crewmember, was injured on the deck of the F/V ENTERPRISE, when a line he was to tend got entangled in the Vessel's propeller while it was fishing off the coast of New York ("the Casualty").

10. In response to the Vessel's call to the U.S. Coast Guard for medical assistance, Sanzo was evacuated from the Vessel by a helicopter operated by the New York City Police Department.

11. Sanzo suffered independent and/or additional injuries during the evacuation as a result of the negligence of the New York City Police Department.

12. On March 6, 2021, the Vessel arrived under tow in Staten Island so that the propeller could be unfouled.

13. The Vessel unloaded her catch and concluded her Voyage on March 7, 2021.

14. After the Casualty and Voyage, the fair market value of the Vessel was $900,000. *See* Exhibit A, Affidavit of David Tantrum.

15. After the Casualty and Voyage, the fair market value of the catch aboard the Vessel was $6,144.00. *See* Exhibit B, Affidavit of Barry Cohen.

16. At all times material hereto, Plaintiffs used due diligence to make the Vessel seaworthy in all respects. Prior to the commencement of the Voyage, the Vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the voyage and service in which she was engaged.

17. The Casualty and resulting loss, damage, and injury was not caused by or contributed to by any negligence or fault on the part of Plaintiffs or for those whom Plaintiffs are responsible, and Plaintiffs deny any such loss, damage, injury, or destruction was done, occasioned by, or occurred with any privity or knowledge of Plaintiffs.

18. On February 16, 2024, Counsel for Sanzo served a written demanded for Fifteen Million Dollars ($15,000,000.00) in damages from Plaintiffs, an amount far in excess of Plaintiffs' interest in the Vessel and her catch at the close of the Voyage.

19. This Complaint is filed within six (6) months of the written demand for damages in excess of the Vessel's value and catch at the conclusion of the Voyage.

20. Upon information and belief, there are no known liens against the Vessel arising during the relevant Voyage, nor any claims or demands which are paramount to those which may arise by reason of the Casualty.

21. Plaintiffs are now ready, willing and able, and hereby offer to give a stipulation or bond with sufficient surety for the value of Plaintiffs' interest in the Vessel and her catch, as required, at the conclusion of the Voyage in which Sanzo's claims arose, with interest thereon, and security for costs pursuant to Supplemental Admiralty Rule F(1).

22. Plaintiffs, as owner and owner *pro hac vice* of the F/V ENTERPRISE, claim exoneration from liability for any and losses, damages, or injuries caused, done, occasioned, incurred or arising out of the voyage or during the relevant voyage, and for any and all claims therefor.

23. If, however, it is found that Plaintiffs are liable for any such damages, which is specifically denied, Plaintiffs alternatively claim the benefit of limitation of liability, as provided by the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, Supplemental Rule F, and the various statutes supplementary thereto and amendatory thereof.

24. Plaintiffs file this Limitation Complaint as a protective action, and by so filing, Plaintiffs reserve and do not waive their rights to file a motion to compel Sanzo to arbitrate his

claims pursuant to the Arbitration Clause contained in his employment agreement with the Plaintiffs.

25. Plaintiffs further claim the benefit of an injunction under Supplemental Rule F(3), enjoining the further prosecution or commencement of any action or proceeding against Plaintiffs, the Vessel, or their agents or property with respect to any claim subject to exoneration or limitation in this action.

26. The aforesaid allegations are true and correct, and are brought within the admiralty and maritime jurisdiction of this Honorable Court.

WHEREFORE, Plaintiffs F-V Enterprise, LLC and Atlantic Harvesters, LLC pray that:

1. This Honorable Court issue a Notice to all person(s) asserting claims with respect to which the Complaint seeks exoneration or limitation directing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Plaintiffs a copy thereof on or before the date to be named in the notice;

2. This Honorable Court issue a notice to all persons desiring to contest either the right to exoneration from or the right to limitation of liability, he/she/it shall file and serve on the Plaintiff's' attorneys an answer to the Complaint on or before said date, unless his/her/its claim has included an answer, so designated;

3. This Honorable Court issue an Order restraining, staying and enjoining the further prosecution of any and all actions, suits, or proceedings already commenced and enjoining the commencement or prosecution hereafter of any and all actions, suits, or proceedings, of any nature or description against the Plaintiffs or others concerning the Casualty, or any other property of Plaintiffs to recover damages for, or in respect of, any loss, damage, or injury caused

or resulting from the aforesaid Casualty or Voyage, or done, occasioned or incurred on the aforesaid Voyage;

4. This Honorable Court adjudge that Plaintiffs are not liable to any extent for any loss, damage, or injury for any claim therefore in any way resulting from, done, occasioned or incurred, as a result of the Voyage, or during the aforesaid Voyage;

5. If Plaintiffs are adjudged liable, as owner and owner *pro hac vice* of the F/V ENTERPRISE, then this Honorable Court adjudge that any such liability for all claims shall be limited to $906,144.00, the value of the Plaintiffs' interest in the Vessel at the termination of the Voyage, and that judgment be entered discharging Plaintiffs from all further liability; and

6. Plaintiffs shall have such other and further relief as this Honorable Court deems just and proper under the circumstances.

    Respectfully submitted,

    Plaintiffs, F-V Enterprise, LLC and Atlantic Harvesters, LLC

    By its attorneys,

    ECKLAND & BLANDO LLP

    /s/ SAMUEL P. BLATCHLEY
    Samuel Blatchley, BBO# 670232
    22 Boston Wharf Road, 7th Floor
    Boston, MA 02210
    (617)-217-6936
    sblatchley@ecklandblando.com

    REEVES MCEWING, LLP
    Mary E. Reeves, Esq.
    (pro hac vice application forthcoming)
    Brian McEwing, Esq.
    (pro hac vice application forthcoming)

10 Andrews Lane, PO BOX 599<br>
Dorchester, NJ 08316<br>
(P) 609-846-4717<br>
(F) 609-884-4378<br>
reeves@lawofsea.com<br>
mcewing@lawofsea.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/SAMUEL P. BLATCHLEY
Samuel P. Blatchley BBO# 670232