UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| In the Matter of the Complaint )<br>)<br>of )<br>)<br>F-V ENTERPRISE, LLC, as Owner, AND ATLANTIC )<br>HARVESTERS, LLC, as Owner Pro Hac Vice, of the )<br>F/V ENTERPRISE, Her Engines, Machinery, Tackle )<br>Apparel, Appurtenances, etc., for Exoneration From, )<br>or Limitation of, Liability, Civil and Maritime, )<br>)<br>Plaintiffs. )<br>) | Civil Action No.: **24-11849**<br>IN ADMIRALTY |

---

**ORDER (1) RESTRAINING SUITS, (2) DIRECTING PUBLICATION AND SERVICE OF NOTICE TO CLAIMANTS, (3) SETTING DEADLINES TO FILE CLAIMS AND (4) APPROVING FILING OF AD INTERIM STIPULATION FOR LIMITATION FUND AND COSTS**

WHEREAS, a Verified Complaint having been filed herein on July 18, 2024 by the above-named Plaintiffs F-V Enterprise, LLC and Atlantic Harvesters, LLC, as titled owner and owner *pro hac vice*, respectively, of the F/V ENTERPRISE ("the Vessel") for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. § 30501, *et. seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), and also contesting liability, independently of the limitation of liability claimed under the Act, for any loss, damage, or injury arising from the Vessel's voyage beginning on March 2, 2021 and ending on March 7, 2021 (the "Voyage"), as more fully described in the Complaint; and

WHEREAS, an Affidavit of Value having been filed in this action attesting to the value of Plaintiffs' interest in the Vessel at the close of the Voyage; and

1

WHEREAS, Plaintiffs' stipulators having offered to file an Ad Interim Stipulation for Value as security for the value of Plaintiffs' interest in the Vessel and her catch at the conclusion of the Voyage, in the amount of $906,144.00, plus costs of $250.00 and interest at six percent (6%) per annum commencing from the date of this Order.

NOW, on Motion of Plaintiffs, it is hereby ORDERED and DECREED as follows:

1. That the Ad Interim Stipulation of Value for security filed with the Complaint is accepted and further ordered that Plaintiffs shall not be required to deposit any additional amount with this Court as security for claims against them as Owner and Owner *pro hac vice*. However, should any claimant seek to contest Plaintiffs' valuation of its interests, this Court shall proceed as provided in Supplemental Rule F(7) for due appraisement and order the security to be increased or decreased as necessary.

2. That an Order issue out of and under seal of this Court against all persons asserting claims with respect to any and all losses, damages, injuries, or other claims arising out of the Voyage, admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for the Plaintiffs a copy thereof on or before 9/30/2024, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he/she/it shall file and serve on the attorneys for the Plaintiffs an Answer to the Complaint on or before the said date, unless his/her/its claim included an Answer to the Complaint, so designated, or be defaulted;

3. That further prosecution of any and all suits, actions and proceedings which may have already have been commenced against Plaintiffs or others to recover damages arising out of, occasioned by, or in any way arising out of the Voyage, and prosecution of any suits, actions or legal proceedings of any nature or description whatsoever against Plaintiffs or others except in

2

this proceeding for Exoneration from or Limitation of Liability of any claims or claims arising out of, occasioned by or in any way relating to the Voyage, be and the same hereby are stayed and restrained;

4. Nothing in this Order shall preclude Plaintiffs from filing a motion in this Court to lift this restraining order and compel Richard Sanzo to arbitrate his claims arising out of the Voyage pursuant to his employment contract; and further, nothing in this Order shall preclude Plaintiffs from seeking to lift the stay in order to file a third party claim seeking indemnity or contribution from the New York Police Department, in the event that this Court finds that it does not have personal jurisdiction over said third party defendant;

5. That public notice of the filing of the Complaint shall be given as provided by Rule F(4) by publication of a Notice in the form attached hereto in the *Boston Globe*, once a week for four (4) successive weeks before the return date as stated in said Order, the first publication to be at least thirty (30) days before said return date, and that on or before the second publication a copy of this Order be mailed to every person known to have made any claim against Plaintiffs for damage or injury occasioned by or arising out of the Voyage of the F/V ENTERPRISE; and,

6. That the service of this Order as a restraining order may be made by the United States Post Office or by Federal Express by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

BY THE COURT:

*Richard M. Stearns*
U.S.D.J.

DATE: 7-22-2024

## LEGAL NOTICE

In the U.S. District Court for District of Massachusetts, Docket No. **24-11849**, Notice is given that F-V Enterprise, LLC and Atlantic Harvesters, LLC have filed a Complaint seeking Exoneration from or Limitation of Liability for all claims arising out of a voyage undertaken by the F/V ENTERPRISE on or about March 2-7, 2021 beginning in Fairhaven, MA and ending in Staten Island, NY. The Court has ordered all persons asserting any claim with respect to said voyage to file a written claim with the Clerk, U.S. District Court for District of Massachusetts, 1 Courthouse Way, Boston, MA 02201, and serve a copy thereof on Plaintiffs' attorneys, Reeves McEwing LLP, 10 Andrews Lane, PO BOX 599, Dorchester, NJ 08316, no later than **9-30-**, 2024 or be defaulted.